IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| Delano Scott, ) | |
|                 Plaintiff, ) | C/A No. 5:07-3571-MBS |
| vs. ) | |
| ) | **O R D E R** |
| County of Orangeburg, ) | |
|                 Defendant. ) | |
| _____) | |

Plaintiff Delano Scott is employed by Defendant County of Orangeburg. Plaintiff, who is black, brought this action against Defendant on October 30, 2007, alleging that he was not promoted in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e et seq. Plaintiff alleges causes of action for race discrimination and retaliation. Plaintiff also asserts a state law claim for breach of contract.

This matter is before the court on motion for summary judgment filed by Defendant on October 31, 2008 (Entry 26). Plaintiff filed a response in opposition to Defendant's motion on December 1, 2008, to which Defendant filed a reply on December 12, 2008.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On July 24, 2009, the Magistrate Judge issued a Report and Recommendation. Among other things, the Magistrate Judge determined that Plaintiff presented no evidence that Defendant's reasons for declining to promote him were pretextual. The Magistrate Judge further determined that Plaintiff's breach of contract claim failed as a matter of law. The Magistrate Judge therefore recommended that

Defendant's motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on August 10, 2009, to which Defendant responded on August 24, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are thoroughly discussed in the Report and Recommendation. Briefly, Plaintiff, who holds a degree in civil engineering technology, has been employed with Defendant since 1998 as a Commercial Plans Reviewer in the Building Inspection Department. In June 2006, he applied for the position of Facilities Construction Manager. The position was filled in August 2006 by William Butch Fogle, a white male. Plaintiff contends that he was more qualified for the position, but Mr. Fogle was preselected for the position under the "good ole boy system." Entry 28, 12; Entry 38-15 (Deposition of Delano Scott), 52 ("Mr. Marion Boyd . . . told me point blank [the position] was created for Butch Fogle. And also later in conversation, Harold Young told me the same thing, it was created for Butch Fogle."); 111 ("I was just told that [the position] was created for Butch Fogle and that's all I know."), 132 ("It was a joke around the office. Everybody at the office knew [the position] was created for Butch."). According to Plaintiff,

> And Marion Boyd has told me several times that the only reason Butch Fogle is there is because Bill Clark [the County Administrator] is protecting him. And he also said it has something to do with Butch['s] wife being a banker or something. That's what Bill Clark . . . somebody is upholding him. So I don't know what's going on between Bill Clark and Butch Fogle, but Bill Clark has been protecting Butch even though he knows Butch is not capable and has not been capable of performing his duties.

Entry 38-15 (Deposition of Delano Scott), 53.

After Mr. Fogle was promoted, his position as Building Official came open. Plaintiff attended a meeting on August 31, 2006 with Mr. Clark and Harold Young, Deputy County Administrator. Plaintiff and a co-worker, Harry Wiggins, who is white, were told that Mr. Fogle would be assuming his new duties the day after Labor Day and that they both were being considered for the Building Official position that Mr. Fogle had vacated. Plaintiff testified in his deposition that

> [I] just couldn't believe that they would even consider Harry [Wiggins] for the position when I was already there and was four years his senior and with all the . . . With my work performance being such as it was, at the time I was working for the County eight years, had no problem dealing with the public, engineers, architects. All my work was . . . has been . . . has been exceptional and outstanding as far as I know. And for them to even to . . . to concede including Harry Wiggins in the process, it was just dumbfounding to me.

Entry 38-15 (Deposition of Delano Scott), 61-62. Plaintiff was "appalled that they even compared Harry Wiggins to myself." Id. at 68. Plaintiff informed Messrs Clark and Young, "I will never work for Harry Wiggins because I [am] going to sue Orangeburg County[.]" Entry 38-15, 69.

On October 12, 2006, Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission (SHAC), alleging as follows:

> I am Black and currently work for the above cited employer. My job title is Commercial Plan Reviewer. In July, 2006 I applied for the Facilities/Construction Manager vacancy. I found out William Fogle (White) was selected. To my knowledge Mr. Fogle was removed from his job because his performance was below average. In addition he was disciplined for drinking on the job. I was not afforded an interview and I feel that my qualifications exceed Mr. Fogle's.

3

> To my knowledge a vacancy for Building Official is available. I was told Harry Wiggins (White) and I are being considered for the job. I have more experience and tenure than Mr. Wiggins. Wiggins has told me that he is being pushed into the Building Official position and is currently attending a class for certification. The class that he is currently enrolled in I am already certified.
>
> I believe my employer's actions are discriminatory based on my race, Black. This was done in violation under Title VII of the Civil Rights Act of 1964, as amended.

Entry 38-4.

In November 2006, Defendant hired Bruce Spicher, a white male, for the Building Official position. Spicher had been employed by Charleston County as Senior Building Inspector.

## II. DISCUSSION

A.  Race Discrimination

Plaintiff contends that the Magistrate Judge erred in failing to find that Plaintiff had been denied promotions because of his race. The court disagrees.

Because Plaintiff has put forth no direct evidence of race discrimination, he must provide circumstantial evidence of discrimination pursuant to the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, (1973). See Freeman v. North State Bank, 282 F. App'x 211, 215 (4th Cir. 2008). Under McDonnell Douglas, a plaintiff first must establish a prima facie case of discrimination. Id. at 216 (citing Love-Lane v. Martin, 355 F.3d 766, 786 (4th Cir. 2004)). If the plaintiff makes such a showing, the defendant must proffer a legitimate, nondiscriminatory basis for its decision. Id. (citing Love-Lane, 355 F.3d at 786)). If the defendant does so, the plaintiff is obliged to present evidence to prove that the defendant's articulated reasons were a pretext for unlawful discrimination. Id. (citing Love-Lane, 355 F.3d at 786). "'Although the evidentiary burdens shift back and forth under the McDonnell Douglas framework, the ultimate

burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" Id. (quoting citing Love-Lane, 355 F.3d at 786).

In reviewing Plaintiff's claim that he was denied promotions to the Facilities/Construction Manager and Building Official positions on the basis of his race, the Magistrate Judge noted that, even assuming Plaintiff made out a prima facie case of failure to promote, Plaintiff was unable to establish pretext as to either position.

With regard the Facilities/Construction Manager position, Plaintiff essentially reiterates his argument that he possessed the requisite supervisory experience and was qualified for the position. Entry 38, 7. Regardless of Plaintiff's qualifications, however, Plaintiff's own testimony is that the Facilities/Construction Manager was created for Mr. Fogle. As the Magistrate Judge properly noted, this type of preselection does not establish pretext. While preselection may establish that an employee was unfairly treated, it does not by itself prove racial discrimination. Anderson v. Westinghouse Savannah River Co, 406 F.3d 248, 271 (4th Cir. 2005) (quoting Blue v. United States, 914 F.2d 525, 541 (4th Cir. 1990)). This is because preselection works to the detriment of all applicants for the job, regardless of race. See id. (quoting Blue, 914 F.2d at 541). Plaintiff's objection is without merit.

As to the Building Official position, the Magistrate Judge noted that Defendant had advanced several legitimate, non-discriminatory reasons for hiring Mr. Spicher: (1) Mr Spicher was certified as a Building Official, whereas Plaintiff had failed the examination twice; (2) Mr. Spicher had eight years' experience as a supervisor in Charleston County's Building Inspection Department; and (3) a decision was made that hiring from outside the Department would avoid potential friction that could result if either Mr. Wiggins or Plaintiff were hired as Building Official.

Plaintiff contends that the Magistrate Judge erred in accepting Defendant's explanation that it went outside the agency to hire someone for the Building Official job because of a disagreement between Plaintiff and Mr. Wiggins. Under the McDonnell Douglas test, an employer's burden is a burden of production, not persuasion. Moore v. Mukasey, 305 F. App'x 111, 114 (4th Cir. 2008) (quoting Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007)). The analysis at this stage involves no credibility assessment. Id. at 115 (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509 (1993)). Rather, Defendant need only articulate reasons for its actions that, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the decision not to promote Plaintiff. See id. (quoting St. Mary's Honor, 509 U.S. at 507)). The court finds that the Magistrate Judge did not err in accepting the proffered explanation, and that Defendant met its burden of production. Plaintiff's objection is without merit.

Once an employer meets the burden of production, "'the McDonnell Douglas framework–with its presumptions and burdens–disappear[s], and the sole remaining issue [is] discrimination vel non.'" Id. at 114 (quoting Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004)). In other words, the burden shifts back to Plaintiff to prove by a preponderance of the evidence that Defendant's stated reasons for taking the employment action were not its true reasons, but rather pretext for unlawful discrimination. See id. at 114-15 (citing Hill, 354 F.3d at 285).

Plaintiff asserts that the Magistrate Judge should have taken into consideration his superior qualifications. Plaintiff contends that he had the same amount of service with Orangeburg County as Mr. Spicher did with Charleston County, he had far more education, and he already was employed by Defendant. According to Plaintiff, his qualifications show that the offered explanation was merely a pretext.

A plaintiff alleging a failure to promote can prove pretext by showing that he was better qualified for a position. Moore, 305 F. App'x at 116 (quoting Heiko v. Colombo Savings Bank, 434 F.3d 249, 259 (4th Cir. 2006)). In this case, the evidence suggests that both Plaintiff and Mr. Spicher were qualified for the position, Plaintiff by way of education, and Mr. Spicher by way of Building Official certification. See Entry 28-11 (Deposition of Harold Young), 31 (stating that both applicants had the minimum qualifications for the position). At his deposition, Mr. Young testified that pertinent regulations required Building Official certification, which weighed in Mr. Spicher's favor. Entry 28-11, 32. Mr. Young further explained:

> [Mr. Spicher] had extensive background in building and construction. He had, gosh, some 16, 17 certifications from IBC [*sic*] [ICC, International Code Council]. He is already a senior inspector that dealt with the County that was larger than ours that had a system that was more, more intricate than ours that had probably about five times more development and had handled on a day-to-day basis, issues. I mean, a day-to-day basis a lot of the things that you would want a building official to handle. And a lot of that was based upon qualifications and his background, you know, the information that he had and certifications and whatnot.

Entry 28-11, 37-38.

Plaintiff cannot establish pretext because he has not presented evidence that would allow a reasonable jury to conclude that he was better qualified for the Building Official position than Mr. Spicher. See Moore, 305 F. App'x at 116. Plaintiff's objections are without merit.

B.    Retaliation

Plaintiff contends that the Magistrate Judge erred in finding that he failed to establish a cause of action for retaliation. The court disagrees.

To prevail on a retaliation claim, Plaintiff must satisfy the three-step proof scheme established in McDonnell Douglas. See Laughlin v. Metropolitan Washington Airports Auth., 149 F.3d 253, 258 (4th Cir. 1998). First, Plaintiff must establish a prima facie case for retaliation by demonstrating (1)

that he engaged in protected activity, (2) that he suffered an adverse employment action; and (3) that there is a causal nexus between the protected activity and the adverse action. Brockman v. Snow, 217 F. App'x 201, 206 (4th Cir. 2007) (citing McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir. 1991)). Once established, the burden shifts to Defendant to articulate a nonretaliatory reason for its actions. Laughlin, 149 F.3d at 258 (citing cases). If Defendant meets its burden of production, the presumption of retaliation created by the prima facie case is dropped, leaving Defendant with the ultimate burden of proving that he has been the victim of retaliation. Id. (citing cases).

The Magistrate Judge noted that the parties disputed whether Plaintiff had shown a causal connection between his failure to be promoted to the Building Official position and the filing of the Charge of Discrimination. However, the Magistrate Judge determined that summary judgment in favor of Defendant nevertheless was appropriate because Plaintiff failed to overcome Defendant's nonretaliatory reasons for its actions. Plaintiff contends only that Defendant's nonretaliatory explanations lack evidence and are all unworthy of credence. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). In any event, for the reasons stated previously regarding Mr. Spicher, the court concludes that Plaintiff's objections are without merit.

C. Breach of Contract

Plaintiff asserted a state law claim for breach of contract based upon the terms of an Orangeburg County ordinance that provided for consideration to be given to filling job vacancies in-house. The Magistrate Judge determined that the language of the ordinance did not create a contract, and that Plaintiff's state law claim failed as a matter of law. Plaintiff does not object to the Magistrate

8

Judge's conclusion. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

III. CONCLUSION

For the reasons stated, the court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion for summary judgment (Entry 26) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 14, 2009